Mr. Justice Scott delivered the opinion of the Court. This is not an indictment for profanely swearing, but for disturbing a congregation assembled for religious worship by profanely swearing. The contemptuous and profane swearing alleged was the instrument of disturbance — the means by which the congregation was disturbed; the disturbance itself being the gist of the offence. Had the defendant been indicted for profanely swearing, doubtless it would have been necessary to have set out the words used, charging them to have been uttered publicly, or else, with the usual averments of time and place, to have charged that he “ publicly did profanely swear three several oaths by taking the name of God in vain,” &c.; because, otherwise, there would not have been upon the record a complete description of such facts and circumstances as constituted the ofFence. It being manifest that the legislature did not design to punish such profane swearing as one might perpetrate strictly in private, where, no one being present, none could be liable to injury by the evil example of the profane swearer. And besides it would not have appeared how, or, in other words, by what means, or acts, or words, the ofFence had been committed, whereby, through the application of the law to the facts or words alleged, the Court might have been able to judge whether or not the offence had really been perpetrated. But it certainly would not have been necessary in such case for the pleader to have gone still further into particulars, and have charged that these words had been produced by an exertion of the organs of speech, and that these organs had been exerted to action by a depraved will moved to volition by a corrupt heart. The rule of law exacting certainty in an indictment requiring no such resolution of terms of description to their simple elements. All that it requires is, that indictments for a misdemeanor show, with the certainty of a declaration in a civil action, how the party committed the offence with which he is charged, and when and where it was done. How, in this case, did the defendant commit the'offence ? The indictment answers “ by contemptuously and profanely swearing.” In an indictment for profanely swearing, to a like question, the indictment answers “ by taking the name of God in vain.” But it is objected, by the counsel, that “profanely swearing” is matter of law and not of fact. That is true, if the party were charged with that offence, and so “ taking the name of God in vain ” would be matter of law if a party were indicted for that high moral offence. But, when either was used as part of a description of an offence, which a statute might create and describe by the use of such terms in connection with other terms of description, they become but signs of ideas, in the same sense that words, phrazes and sentences are such; and their description is no more to be described under such circumstances than a word would have to be defined that had a definite and determinate meaning. . All the ingredients of the offence created by the statute upon which this indictment is predicated, (Dig., ch. 51, sec. 1, p. 370,) are fully expressed in its terms, and the indictment being in strict conformity with these terms, and having all requisite certainty of time and place, and in all other respects regular, it is clearly good, and therefore the Court erred in granting the motion to quash it. Let the judgment be reversed, and the cause remanded.